Case number 14-2093, Arthur Eugene Shelton v. Greg McQuiggin, Warden. I ask not to exceed 15 minutes per side. Close or leave the room. Good morning. Good morning. Last but not least, I guess. Pardon me? Last but not least, I guess. Yes, sir. I'd like to reserve three minutes for rebuttal. You may. My name is Ken Gross. I'm here on behalf of the petitioner-appellant, Arthur Shelton. The threshold issue in this habeas appeal is whether de novo review or ad pedeference applies to Arthur Shelton's the state court's denial of Mr. Shelton's motion for relief from judgment based on ineffective assistance of counsel for failure to communicate a plea offer. I'd like to start out by explaining why de novo review applies before addressing why Shelton's claim is meritorious under either standard. De novo review applies here because either the state court's decision was not on the merits under 2254D or the decision was on the merits, but it was contrary to clearly established federal law. And the reason is the same in either circumstance. It's because the state court applied a heightened burden of proof to Shelton's claim. Specifically, the state court looked at whether Shelton had proven by a preponderance of the evidence that there was a plea offer and that he would have accepted it. However, under Strickland, the clearly established federal law is that a reasonable probability standard applies in showing prejudice in an ineffective assistance claim. Reasonable probability that the result of the proceeding would have been different. In this context, what that means, and as the courts have laid out, a reasonable probability that had a plea offer been properly communicated to him, that he would have accepted it, and he would have ultimately received a lesser sentence. So, in applying the incorrect standard, the Supreme Court has already told us in the Dominguez-Benitez case that reasonable probability is not the same as preponderance of the evidence and that the two should not be confused with one another. So, what do we do? Just disregard what the state court did? Correct, Your Honor. Disregard the district court? It would be a de novo review of Shelton's ineffective assistance claim because of applying the contrary to clearly established law state standard. And if we agree with you, then our action would be to send this back for a hearing at the district court level, or what? That is one option, Your Honor. I submit that the facts as they're laid out, and as we've laid them out in the briefing and otherwise, are that this court has enough to grant a conditional writ and remand for resentencing in the state court, which is the proper remedy for, in this circumstance, a federally communicated plea offer. But the court does have the alternative of remanding to the district court for an evidentiary hearing on his claim should the court find that there are any factual questions left to be determined. What evidence do we actually have that there was a plea offered? There's actually a number of sources that confirm that there was a plea offer, Your Honor. First, we have the affidavit of Mr. Shelton himself, where he said that his counsel told him there had been a plea offer that he had already rejected because it was no good. Second, we have the affidavit of Mr. Shelton's sister, who confirmed the plea offer on the same terms. She was authorized to speak to counsel because he was in a mental hospital determining whether he was competent to stand trial. Was that presented to the state court on collateral? Yes, Your Honor. Both of those? Yes, Your Honor. And the state court held what? The state court didn't even mention the affidavits or the other evidence, the other sources that I can mention in a moment. The state court just concluded as a bald-faced statement that there was no evidence in the record that there was, in fact, a plea offer. It was that straightforward, despite the fact that there were these affidavits and other sources as well. I'm sorry. Where do we go with the Penholster case that we've got to decide the case on what the state court had before it? Is that just thrown out? Penholster doesn't apply here for two reasons, Your Honor. First of all is that the decision below was, as I've sort of already addressed, it was not on the merits because it wasn't adjudicating Shelton's federal Sixth Amendment claim. Instead, the court was applying a procedural analysis under Michigan court rules, a procedural default analysis, that he hadn't raised this claim on direct appeal, and in doing so conducted an actual prejudice question as part of that analysis. And that actual prejudice question applied to state rules for ineffective assistance, and the state rules were not the same as the federal standard. This is where the court brought in the preponderance of the evidence standard instead of the reasonable probability standard under Strickland. And that, as the Sixth Circuit has held in the US Supreme Court has held in the Johnson v. Williams case, if the state standard is less protective than the federal standard, then that adjudication is not considered on the merits. And there's no dispute in this case. Penholster does not apply when there is not adjudication on the merits. Alternatively, if the court were to find that there were an adjudication on the merits, because that adjudication was contrary to clearly established law, applying, again, preponderance of the evidence instead of reasonable probability, again, the result is that Penholster, once the court determines that, based on the record that was before the state court, which is simple here because it applied the wrong law, the wrong legal standard, once that is determined, then an evidentiary hearing is again available. So where do we get the evidence that counsel rejected the plea without consulting Mr. Shelton? That evidence, again, comes from Mr. Shelton's affidavit where he testified. Oh, it's just that's what you say we get from that affidavit, that he never was consulted. Yes, Your Honor. Both the fact that he was told by his counsel, at least, that there was a plea offer, that it was for 17 to 30 years for second-degree murder, that he had rejected it because it was, quote, no good, and he also states that he later further inquired about the offer and his counsel told him it was no longer available. So that's where we get it. Penholster had a similar affidavit in the record, too. Correct, Your Honor. So we have that, and that specific point about whether Shelton was informed of the plea offer is not actually contested by the State in this case. The only evidence we have is from Mr. Shelton's affidavit, which confirms that he was not told about the plea offer. Again, though, if there is any question in the Court's mind as to that issue, an evidentiary hearing is available. But do we have to see if there's a problem of raising this in the State court as collateral matter? Do we have to take another step there and decide that there was ineffective assistance of appellate counsel or something like that, or do we not even fool with that? You're right on the money, Your Honor. Because the State court found that applying a Michigan procedural rule that Shelton had not raised this claim on direct appeal, which is certainly correct, instead raising it on a motion for relief of judgment, that it was defaulted because he could not establish cause and prejudice under the Michigan rule. This court can excuse a procedural default based on ineffective assistance of appellate counsel. In this case, and that is established, of course, by the Supreme Court in the Martinez v. Ryan case. Now, reasonable appellate counsel, the standard is basically whether reasonable appellate counsel would have raised the issue on direct appeal in this case. Direct appeal. Yes. Counsel would have been unsuccessful on direct appeal on this issue, right? Because there's no evidence before the District Court that there was any agreement with counsel. The District Court at that time didn't have any affidavit by the defendant as to what happened. It was just some talk at the time of the sentencing, right? That's correct, Your Honor. There was evidence of a plea offer in the sentencing transcript, as you mentioned. You're correct that Mr. Shelton's affidavit and his sister's affidavit were not part of the record. They didn't come in until later. Correct. As part of the motion for relief of judgment. There's an old rule, especially Ohio, that if it's a matter that comes in dehors the record or outside the record, you can't take it up on direct appeal. And if appellate counsel had raised it, the court would say there's no evidence of it, right? Because your client did not say before the trial judge there has been an agreement and my attorney turned it down. He didn't say that, did he? No, not at the sentencing hearing, certainly. All that means, though, Your Honor, is that he might not have been successful on direct appeal. That doesn't mean that Mr. Shelton could not have then pursued a habeas petition in federal court and because there would not have been a procedural default, or if the court finds that that procedural default is excused for ineffective assistance for not raising that on appeal, then he could have presented that evidence with his habeas petition or on a motion for relief from judgment like he actually did in this case. I don't know how you could raise the fact that direct appeal counsel was ineffective for not raising something that wasn't in the record. I mean, it's not ineffective if you don't have a record for it, is it? I think, Your Honor, that there are avenues under Michigan law for appellate counsel, even if it's not as part of direct appeal, but he could have petitioned once he discovered this, petitioned back to the trial court to expand the record that would have allowed him to pursue it additionally on direct appeal. Is that in your brief? No, Your Honor. But I'd be happy to submit something to the court to that effect if Your Honors would like to see something to that effect. A lot of times those counsel are appointed real quickly after the judgment. If somebody wants counsel who's different on appeal, they've got to get into it real fast and write a fast brief. And so I don't know what the Michigan rule is because you haven't put it in the brief. Sure. It's hard for me to determine that. Sure. The record here, the question here isn't really, there's been no dispute, there's no issue about whether how late a counsel is appointed, whether he could have, certainly he would have had a professional obligation to seek an extension if he didn't feel he had sufficient time to prepare all the issues that he should have been raising. The standard for ineffective assistance of appellate counsel is whether reasonable appellate counsel would have raised the issue, whether the other, and part of that is whether the other arguments actually raised were clearly weaker arguments. And here I think that is, I would submit that that is certainly the case. I won't belabor the point too much other than to note that the actual argument section of counsel's appellate brief in this case was all five pages, and he didn't even bother to submit a reply brief. So I would submit the court to look to the Kaver v. Straub case from the Sixth Circuit, which I think is analogous and applies here where the appellate issues raised were subject to deferential standards of review and the second issue was dependent on the success of the first issue. I think that is exactly the case here where he submitted a sufficiency of the evidence claim, which the Sixth Circuit described in Benning v. Worden as a perennial loser, sufficiency of the evidence. And second, he submitted a due process argument that he, because he was mentally, because he was insane, he couldn't be convicted under due process, basically arguing that the state should have the burden of proof, an argument that the Supreme Court had already rejected in a case that counsel cited in his brief. Because the appellate counsel was constitutionally ineffective, the procedural default in this case is excused. Did you cite the Straub case in your brief? Yes, Your Honor. Thank you. Thank you, Mr. Gross. Good morning, Your Honors. I still think it's morning. Andrea Christensen Brown of the Michigan Attorney General's Office appearing on behalf of Warden Gregory McQuiggan. The district court here rejected Mr. Shelton's claim of ineffective assistance on the merits. We do still submit that those claims are procedurally defaulted. However, either way, Mr. Shelton cannot establish that he is entitled to relief, so we would ask this court to affirm. Turning to the standard of review question, for the exact opposite reasons, we . . . Shouldn't we only consider the trial court record counsel in evaluating this ineffective assistance of appellate counsel? Yes. Okay. Yes. It shouldn't go beyond that. Correct. Okay. We would submit that the appropriate standard of review is ad pediferens for two reasons. First, because it was adjudicated on the merits. I think that the opinion is actually fairly self-explanatory. There was a procedural default, which the trial court extensively reviewed. However, in its analysis, it also cited the proper Strickland claim based on Michigan law, which cites directly to Strickland. And, it also analyzed the underlying claim and determined that the claims were without merit. So, for that reason, it is a merits adjudication. And secondly, the argument that the trial court's decision was contrary to or an unreasonable application of Strickland . . . So, if you'll indulge me, I have to respond to that. The proper Strickland test was given by the trial court. It's cited to People v. Toma and People v. Riley, both of which cite directly to Strickland. And, the debate here is about the prejudice prong, about the reasonable probability, whether or not the defendant would accept the plea agreement. That's the debate here. That standard is not Strickland prejudice as a whole. So, and I'm not being clear here. Are you saying that is the standard? The standard that . . . Follow that standard. The reasonable probability standard of whether or not the defendant would have accepted the plea was not established until Missouri v. Fry in 2012. That's when the reasonable probability standard for defendant accepting a plea, even came about. Which, the trial court in this case, made their decision denying relief in 2009. So, any clearly established law is actually Missouri v. Fry, which we don't dispute. The prejudice prong has three separate components within it, all of which are reasonable probability standard. However, that standard did not exist at the time that the trial court made its ruling here. So, to go back to the standard that was used by the trial court. Again, the trial court cited to Michigan precedent, which cites directly to Strickland. And, the prejudice prong does note reasonable probability. That is for prejudice as a whole. So, the question of whether or not the defendant would have accepted the plea . . . It doesn't matter what standard the trial court used to determine that question, because the proper standard was already given for prejudice as a whole. The components being separated out, again, were not clearly established law until 2012. In order to get to this, do we have to find ineffective assistance of appellate counsel on direct appeal, as the petitioner said, or is there some other standard we have to do? Well, the court isn't bound by . . . to adjudicate a procedurally defaulted claim. We would request that you do so, because to even get to the merits of the claim, you have to find procedural default in this claim. And, ineffective assistance of counsel is how Mr. Shelton is attempting to get around why that claim wasn't raised on direct appeal. So, yes. Well, the petitioner says that the appellate counsel on direct appeal could come back in and get some sort of addition to the record, and then take the appeal. Is that a common thing in Michigan, or is it allowed? I've never heard of it before. I would think that it would be allowed. It's not something I see often, so I can't say it's common. However, if appellate counsel thought that this issue was meritorious, then he likely would have raised it. And also, even if he hadn't, even if appellate counsel completely disagreed and thought that this claim was not meritorious, Mr. Shelton also had an option under Michigan law to bring his own standard for pro per brief, and also argue that before the court. And on direct appeal, the court would have adjudicated that claim on the merits as well. So there were two avenues, either through his own counsel or by his own pro se pleading, despite the fact that he had counsel. Well, he probably didn't know enough to do it. He wasn't very sane anyway, was he? He had some real mental problems. He certainly, and we do not dispute that he suffered from mental illness. However, he had family. He had family with him looking out for him. And however, his mental illness, while it did not rise to legal insanity, he was cogent at the time of trial. And several mental health advocates stated that he had made leaps and bounds getting healthy before trial. And that was because he was being medicated. You mentioned that he had family members looking out for him. Any information on the level of education or sophistication of those family members who were, quote, looking out for him? No, Your Honor. My apologies. I have none. But with the affidavit of his sister, he cited it often to his children, who he says that he had spoken with often soon after the crime. So that's my presumption. So I would just— A lateral review, shouldn't the state court have at least had a hearing here? Because it wasn't any hearing at all, right? There was no hearing. Mr. Shelton did request one. However, the information that was before the trial court, they denied it, which is within their purview to do. They are not required. They had the two affidavits saying, my counsel said I had this bargain and he turned it down and didn't tell me. That was in the record, right? I can't point to a page. I do believe that those affidavits were dated before the collateral review was filed. However, those affidavits— Those affidavits of Shelton and his sister? Yes, ma'am. Those were not before trial. I mean, his trial appellate counsel didn't have that. Not that I'm aware of, no. So that goes back to my question whether or not trial counsel can be faulted. I mean, appellate counsel can be faulted for not raising an issue that wasn't raised by appellate counsel, that wasn't in the trial record. That's fair, correct, yes. I mean, it can't be found ineffective. Right, right. That's the question. Yeah, if it's a matter of the paper affidavits, absolutely. But when it comes to a conversation about those, I can't speak to that. But the paper affidavits were not in the hands of appellate counsel. Well, at the trial level, the Michigan trial court held that the defendant had failed to establish by preponderance of the evidence that a plea bargain was made and that the defendant would have accepted it. And in the Supreme Court case of United States v. Dominguez, didn't the court say that the standard for a value in that is even lower than preponderance of the evidence? And that where a counsel, if there's any evidence that counsel failed to notify somebody of the existence of a plea, that that is an unreasonable application of federal law for the court not to consider that. I would like to make two points. First, preponderance of the evidence and reasonable probability are not the same standard. We completely agree. Mr. Shelton's counsel and I completely agree on that. But I would also like to point out that that case, the Dominguez-Benitez case, is also a direct appeal case. This is an adjudication on the merits. We are dealing with a very limited habeas world where clearly established Supreme Court law is what we turn to. And I would like to point the court just to Holland v. Jackson, which says that when the proper standard is given, trial courts are presumed to know and follow the law. And here I think that that is what this court should be looking at. I am happy to get into the merits, but I think that the crux of this case is actually the standard of review. I have said my piece. If there are any further questions, I'm happy to address them. We always appreciate when you've said enough and you stop. Thank you. Please stop. Thank you, counsel. A couple of points I'd like to address. First of all, on the question of whether or not the state court's decision was on the merits, counsel pointed out that the state court did cite the Strickland test for prejudice, essentially, although it was citing Michigan law, cited the reasonable probability test. That is certainly correct. However, the court went on to state unequivocally that the defendant has a burden of proving by a preponderance of the evidence that a plea offer was made and that his counsel failed to communicate it to him. And then that defendant was also proved by a preponderance of the evidence that he would have accepted the plea. And then in concluding after that, the court said that he had failed to show by a preponderance of the evidence. So it's clear that the state court was applying a preponderance of the evidence standard, not a reasonable probability standard. She says this reasonable probability came in the law after the state court made its decision here. Is that correct or incorrect? Your Honor, I disagree for a couple of reasons. First, the Strickland, although Fry was certainly decided after the state court's decision, the Strickland test, of course, had been decided long ago that it's a reasonable probability under the prejudice analysis. And reasonable, you can't apply a preponderance of the evidence to elements within determining whether there's a reasonable probability of something. The standard has to be reasonable probability in any case. And my second point is that's exactly what the Sixth Circuit found in the Griffin v. United States case, and that was decided in 2003. There the court specifically said that was the same type of case, ineffective assistance for failure to communicate a plea offer. And the court explained that the standard was a reasonable probability that the defendant would have accepted the plea offer. Although that's not a Supreme Court case, the fact is they were strictly applying the well-established standard under Strickland of reasonable probability in this context, and explaining that it's reasonable probability, not preponderance of the evidence. Moving back to the appellate counsel question, I'd like to make a note of the Joshua v. DeWitt case, a Sixth Circuit case from 2003, which was a Fourth Amendment issue there on ineffective assistance. The court found that reasonable appellate counsel would have raised the Fourth Amendment argument there, despite the fact that the trial counsel actually didn't even make the argument. It found that there was ineffective assistance of trial counsel for failure to make that argument, and ineffective assistance of appellate counsel for also not making that same argument, even though trial counsel hadn't made it himself. Explicitly found that that could also be ineffective assistance of appellate counsel. One of the problems I have with that, Mr. Gross, is the absence of evidence in the record that there was a plea offered. We have those affidavits that come later, right? That there was a plea offered and rejected by counsel without informing the defendant. Sure. What we have, Your Honor, is the sentencing transcript that also confirms... I know the judge mentions it, but it reads like he's assuming there was some sort of plea, as there typically is, and he's assuming it. So is that sufficient for the court to say, yeah, there's a claim there? Two points, Your Honor. One, I disagree. I think reading in context the statements of the trial court was confirming that he was aware that there was a plea offer. He's saying, I do know this, and that was their offer. But more specifically, there was other evidence of the plea offer, the fact that Mr. Shelton himself, when after the sentence had been imposed, accepting the prosecution's recommended sentence, he said, well, what about, why would they request a higher sentence when their offer was 17 to 30 years? So that's the other evidence from Mr. Shelton himself. And more importantly... Does that tell us he rejected it? That does not tell us that he was not informed of it. However, once the appellate counsel sees that there was a plea offer, that's certainly something that he, that there was a plea offer that wasn't made, that's something he has a professional obligation to inquire about to determine whether he has information. And had your argument with respect to that? Yes, Your Honor, and I think that he would have had avenues to expand the record if necessary. And should have. I'm sorry? And should have. Yes, correct, Your Honor. Your position. Okay. Mr. Gross, thank you. Counsel for the government. I assume you're pro bono. Our sheet doesn't say it, but since you're from Jones Day and you're here with Mr. Riedler, we want to thank you for your effort. You did a very great job, and you should be proud of yourself. Good day. All right. Okay. Thank you for your help. All right. We will...